IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DONNA K HOLLEY                                                                        PLAINTIFF

V.                                                         CIVIL ACTION NO.1:05CV58-SAA

COMMISSIONER OF SOCIAL SECURITY                                           DEFENDANT

MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Donna K. Holley for a period of disability and disability insurance benefits under 216(I) and 223 of the Social Security Act. Plaintiff's applications were denied initially and on reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on September 22, 2004 and in a decision dated October 27, 2004, the ALJ found that the plaintiff was not disabled as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, and this case is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The plaintiff was born on November 1, 1971. She completed the twelfth grade and has

past relevant work experience as a home decor salesperson, an inspector/seamstress in the garment industry, a bookkeeper for a trucking company and a fitness instructor. She filed her current applications for disability insurance benefits on September 10, 2003 alleging a disability commencing on January 21, 2001 due to chronic low back pain and depression. In the Hearing Decision dated October 27, 2004, the ALJ found that the plaintiff retains the residual functional capacity ("RFC") to perform a significant range of sedentary work but has non-exertional limitations that prohibit her from performing a full range of sedentary work. The plaintiff argues that the determination by the ALJ is in error because she failed to consider the effect of plaintiff's increasing number of lesions on her sacrum and lumbar spine and because the ALJ failed to articulate good cause for rejecting the medical opinion of Dr. Ratliff, plaintiff's treating physician.

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (1998).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b).

[4] 20 C.F.R. §§ 404.1520(c).

is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02 (1998).[5] Fourth, the plaintiff bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.[6] If the plaintiff is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering plaintiff's RFC, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

In the instant case the ALJ initially found that the plaintiff suffers from a "severe" impairment "best described as degenerative disc disease of the lumbar spine with chronic low back pain." (Tr. 17, Finding No. 3). However, she concluded the impairment did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17, Finding No. 4). The ALJ discussed the medical evidence of record and concluded that the plaintiff retains sufficient RFC to perform for sedentary work, but she must be able to change positions from sitting to standing or vice versa every thirty minutes. (Tr. 17, Finding No. 5).[9]

---

[5] 20 C.F.R. §§ 404.1520(d). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525.

[6] 20 C.F.R. §§ 404.1520(e).

[7] 20 C.F.R §§ 404.1520(f)(1).

[8] *Muse*, 925 F.2d at 789.

[9] Sedentary work is defined as work that "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking

3

Specifically, the ALJ found that the plaintiff's non-exertional limitations requiring the changing of position prohibit her from performing a full range of sedentary work.

In making her determination, the ALJ used both the Medical-Vocational Guidelines and the testimony of a Vocational Expert ("VE") to conclude that the plaintiff's RFC allowed her to find work as a production monitor, a surveillance systems monitor and a cashier. (Tr. 17). In making her determination the ALJ noted that she "rejects the opinion of Dr. Ratliff [the plaintiff's treating physician] . . . that the plaintiff is unable to perform even sedentary work because that opinion is not supported by the findings he has observed or [plaintiff's] history of treatment." (Tr. 15). The ALJ further stated that "[Plaintiff] has essentially been treated with conservative measures" and she "carefully observed the claimant at the hearing and notes that she was not in any obvious pain or discomfort when walking into or out of the hearing room or while sitting during the course of the hearing." *Id.* On appeal to this court the plaintiff makes the following arguments: (1) the ALJ failed to articulate good cause for rejecting the medical opinion of Dr. Ratliff, plaintiff's treating physician; and (2)the ALJ committed reversible error because she failed to consider the effect of plaintiff's increasing number of lesions on her sacrum and lumbar spine. The court will address these arguments seriatim.

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*,

---

and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

402 U.S. 389, 401 (1971), and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further defined that substantial evidence:

> must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'

*Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

    A.    Affording Proper Weight to Opinions of a Treating Physician

The plaintiff argues that the ALJ erred in failing to set forth the requisite good cause for

affording lesser weight to the opinions of her treating physician Dr. Roger Ratliff. The medical evidence contains medical records from Dr. Ratliff including a medical source statement that he completed by finding that plaintiff retains the capacity to occasionally lift or carry less than ten pounds; she can stand or walk for a total of three hours in an eight-hour day, but only for ten minutes without interruption; she can sit for a total of three to four hours during an eight-hour day but only twenty to thirty minutes uninterrupted; plaintiff should never climb balance stoop crouch or kneel and should only occasionally crawl; she is limited in her ability to reach, handle and to push and pull; and she has no environmental restrictions. (Tr. 167 - 169). The record does not contain any other medical source statements from any other physician. Nevertheless, the ALJ concluded that the plaintiff could perform a significant range of sedentary work limited by the non-exertional limitation of a change of position (sit/stand) every 30 minutes. The ALJ based this finding on the medical evidence in the record and upon her own observation of the plaintiff at the hearing. This sort of application of observations of the plaintiff by the ALJ to the facts of a case is referred to as a "sit and squirm index." *See Spencer v. Schweiker*, 678 F.2d 42, 45, fn7 (5th Cir. 1982). By allowing such observations translate into medical findings and a determination of a plaintiff's RFC, the ALJ is essentially making medical findings which is outside her area of expertise. *Id.*

In order for an ALJ to properly afford lesser weight to the medical opinions of a treating physician, she must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. §404.1527(d)(2)." *See Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). The fact that the ALJ did not follow this criteria, according to the plaintiff, makes her failure to afford controlling weight to the opinions of the treating physician an error as a matter

6

of law.  The government responds that while the *Newton* criteria are generally applicable, in a case such as the one at bar, such considerations are not mandatory because the opinions expressed by Dr. Ratliff are not supported by medical evidence in the record.  Therefore, according to the government, the ALJ should not be required to follow *Newton* to the letter.

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); 20 C.F.R. § 404.1527(d)(2).  Although the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).  "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted).  Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

In *Newton*, the Fifth Circuit noted that there are several factors that the ALJ must consider before declining to give evidence of a treating physician controlling weight:

>  (1) the physician's length of treatment of the claimant,
>  (2) the physician's frequency of examination,
>  (3) the nature and extent of the treatment relationship,
>  (4) the support of the physician's opinion afforded by the medical evidence of record,

(5) the consistency of the opinion with the record as a whole; and
(6) the specialization of the treating physician.

*See* 20 C.F.R. § 404.1527(d)(2). Social Security Administration Regulations provide that the SSA "will always give good reasons in [its] notice of determination or decision for the weight [it] gives the claimant's] treating source's opinion," and the regulations list factors an ALJ must consider to assess the weight to be given to the opinion of a treating physician when the ALJ determines that it is not entitled to "controlling weight." *See Id.* The regulation is construed in Social Security Ruling ("SSR") 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

*Newton* at 456.

Pursuant to SSR 96- 5p, an ALJ must provide appropriate explanations when the treating physician's opinions are not afforded controlling weight. *Id.* In this case, the ALJ clearly reviewed Dr. Ratliff's records and his completed medical source statement and declared the reasons for failing to follow the doctor's opinions in her decision. However, the ALJ failed to follow specifically the criteria laid out in *Newton*. In fact, the ALJ neither referred to the *Newton* criteria, nor did she clearly consider each of the § 404.1527(d) factors. Instead, she simply referenced Dr. Ratliff's opinions and made a conclusory determination that those opinions were not supported by the findings or history of treatment. (Tr. 15)

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the

claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). While the ALJ is afforded discretion when reviewing facts and evidence in a cause, the ALJ is not qualified to interpret raw medical data in functional terms, and if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment, and certainly in contradiction of the treating physician's medical assessment, then the ALJ's decision is not supported by substantial evidence.[10] *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Furthermore, lack of affirmative evidence supporting the ALJ's findings as to claimant's RFC may require remand for further development of the record. 3 SOCIAL SECURITY LAW AND PRACTICE § 43:14 (Timothy E. Travers *et al.* eds., 1999). Finally, where an ALJ fails to provide appropriate explanations in not affording proper weight to a plaintiff's treating physicians' opinions, the cause must be remanded. *Newton* 209 F. 3d at 456.

Although there may be substantial evidence to deny the plaintiff's claims, review of the ALJ's decision and the record in this case does not reveal the particular medical sources upon which the ALJ relied in making her decision; specifically, the court is unable to tell whether the ALJ considered all the necessary factors before failing to credit the opinion of the treating

---

[10] For example, the ALJ attaches significance to the lack of nerve root compression in discounting plaintiff's complaints of pain. Nevertheless, there clearly is objective evidence of degenerative disc disease and possible lesions. It is not within the province of a layman ALJ to attach significance to one such finding and not another without supporting medical opinion.

physician. Without specific citations and clear explanation of the foundation of the ALJ's decision, the court cannot afford the plaintiff a full and meaningful review of this appeal. The specific grounds for the findings contained within the ALJ's decision are integral to a determination of whether the ALJ's decision was supported by substantial evidence. Therefore, the undersigned finds that decision of the Commissioner should be remanded for further proceedings in accordance with this opinion. Because the court remands this action to the ALJ for further consideration, it is not necessary to address the merits of the plaintiff's remaining arguments at this time.

    B.    Plaintiff's Remaining Argument

Because the court recommends that this action be remanded to the ALJ for further consideration of the plaintiff's treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

### CONCLUSION

In accordance with this memorandum opinion, a final judgment shall be issued this day.

This, the 7th day of February, 2006.

                                              /s/ S. ALLAN ALEXANDER
                                              UNITED STATES MAGISTRATE JUDGE